UNITED RETAIL WORKERS UNION LOCAL 881, chartered by United Food and Commercial Workers International Union, AFL–CIO, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent,

May Department Stores Company, Venture Stores Division, Intervenor-Respondent.

No. 84–2000.

United States Court of Appeals, Seventh Circuit.

July 25, 1986.

Marsha S. Berzon, Altshuler & Berzon, San Francisco, Cal., for petitioner.

John Ferguson, Dep. Assoc. N.L.R.B., Washington, D.C., for respondent.

Francis X. Grossi, Jr., Chicago, Ill., for intervenor-respondent.

Before BAUER and ESCHBACH, Circuit Judges, and PELL, Senior Circuit Judge.

BAUER, Circuit Judge.

This case comes to us on remand from the Supreme Court of the United States. We had held in *United Retail Workers Union, Local 881 v. NLRB*, 774 F.2d 752 (7th Cir.1985), that the National Labor Relations Board did not exceed its statutory authority when it required a union to allow nonunion members of the bargaining unit represented by that union to vote when the union was considering merger or affiliation with another union. The Supreme Court vacated our decision, *United Retail Workers Union, Local 881 v. NLRB*, —— U.S. ——, 106 S.Ct. 1787, 90 L.Ed.2d 333 (1986), and remanded the case here for further consideration in light of the recent Supreme Court case of *NLRB v. Financial Institution Employees of America, Local 1182*, 475 U.S. ——, 106 S.Ct. 1007, 89 L.Ed.2d 151 (1986).

Upon consideration of this case in light of the *Financial Institution* case, we find the NLRB did exceed its statutory authority in requiring nonunion employees in a bargaining unit to vote when a union considers merger or affiliation with another union. We, therefore, grant the United Retail Workers' petition for review and overturn the NLRB's decision.

I.

Petitioner, the United Retail Workers Union, Local 881, is an entity created by merger of the United Retail Workers Union and the United Food and Commercial Workers Union. After the unions merged, May Department Stores, an employer whose employees had been represented by the pre-merger United Retail Workers Union, refused to recognize or deal with the post-merger United Retail Workers Union. The union then filed unfair labor practice charges with the National Labor Relations Board against May Department Stores, alleging violations of sections 8(a)(5) and 8(a)(1) of the National Labor Relations Act. 29 U.S.C. §§ 158(a)(5) and (1).

To determine whether May Department Stores had engaged in an unfair labor practice by refusing to deal with the post-merger union, the NLRB applied its traditional two-prong analysis as modified by what is known as its "*Amoco* rule." In this analysis, the NLRB determines whether the union conducted the vote approving the merger with sufficient due process and then determines whether there is sufficient continuity of interest between the pre- and post-merger unions. As modified by the *Amoco* rule (first expounded in *Amoco Production Co.*, 262 N.L.R.B. 1240 (1982)), the NLRB also determines as a threshold matter whether the union allowed all employees in the bargaining unit to vote on the merger decision. If any of these conditions are not met, the NLRB will not require an employer to bargain with the post-merger union.

Applying this analysis to the instant case, the NLRB found it unnecessary to go any further than the threshold issue. The NLRB held that because United Retail Workers had not allowed nonunion members of the bargaining unit to vote on the merger decision, it was not an unfair labor practice for May Department Stores to refuse to bargain with the post-merger union. *May Department Stores Co.*, 268 N.L.R.B. 979 (1984).

The union appealed to this court, and in *United Retail Workers Union, Local 881 v. NLRB*, 774 F.2d 752 (7th Cir.1985), we upheld the NLRB's decision and denied the union's petition for review. Subsequently, the Supreme Court decided *NLRB v. Financial Institution Employees of America, Local 1182*, — U.S. ——, 106 S.Ct. 1007, 89 L.Ed.2d 151 (1986), in which the court overturned the NLRB's *Amoco* rule as irrational and beyond the NLRB's statutory authority. The Supreme Court then granted the United Retail Workers' petition for writ of certiorari, vacated this court's decision, and remanded the case for reconsideration in light of the *Financial Institution* decision.

## II.

■ *Financial Institution* held that the NLRB "exceeded its authority under the [National Labor Relations Act] in requiring that nonunion employees be allowed to vote for affiliation before it would order the employer to bargain with the affiliated union," *Financial Institution*, 106 S.Ct. at 1017, and that holding controls this case. Although this case involves merger of two unions rather than affiliation, the relevant considerations are the same. Indeed, this is a stronger case than *Financial Institution* for overturning the NLRB's requirement that nonunion members vote because both parties agree that in this case, due to the small number of nonunion employees, participation by nonunion employees in the vote could not have affected the outcome. Accordingly, we follow *Financial Institution* and hold that the NLRB cannot require the United Retail Workers to allow nonunion employees to vote on the merger before ordering May Department Stores to bargain with the post-merger union.

■ We express no opinion regarding any remaining issues not presented in this appeal. Whether the merger vote was conducted with sufficient process or whether there is sufficient continuity between the unions as well as any other remaining issues are for the NLRB's determination in the first instance.

## III.

United Retail Workers' petition for review is granted and the decision of the NLRB finding that May Department Stores had not engaged in an unfair labor practice on the ground that nonunion employees did not vote on the union merger is reversed. The case is remanded for further proceedings consistent with this opinion.

PELL, Senior Circuit Judge, dissenting.

While I agree that the Supreme Court held that the Board in applying its *Amoco* rule in *NLRB v. Financial Institution Employees of America, Local 1182*, 475 U.S. ——, 106 S.Ct. 1007, 89 L.Ed.2d 151 (1986) exceeded its statutory authority, and that the Supreme Court vacated our prior judgment in *United Retail Workers Union, Local 881 v. NLRB*, 774 F.2d 752 (7th Cir.1985), and remanded the case to us for reconsideration in the light of *Financial Institution*, I cannot agree with the correctness of the majority's disposition upon that reconsideration. I therefore respectfully dissent.

While it is true that the majority opinion does remand the case for further proceedings by the Board, it does so in a manner sharply limiting the Board's reconsideration and its well recognized jurisdictional primary discretion. It therefore exceeds our jurisdictional authority in a case involving an administrative body. We are a court of review of such proceedings and are not ourselves an administrative body. Any reconsideration must be made in the first instance by the Board.

See *Bachrodt Chevrolet Co. v. NLRB*, 411 U.S. 912, 93 S.Ct. 1547, 36 L.Ed.2d 304 (1973); *FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 245–50, 92 S.Ct. 898, 906–08, 31 L.Ed.2d 170 (1972); *SEC v. Chenery Corp.*, 318 U.S. 80, 87–88, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943). *Chenery* is apparently the seminal case for the proposition that the making of labor policy is for the administrative body and not the courts. *Chenery* was cited with approval for this proposition in *Sperry & Hutchinson.*

A court cannot label a practice "unfair" under 15 U.S.C. § 45(a)(1). It can only affirm or vacate an agency's judgment to that effect. "If an order is valid only as a determination of policy or judgment which the agency alone is authorized to make and which it has not made, a judicial judgment cannot be made to do service for an administrative judgment. *Chenery, supra,* at 94 [63 S.Ct. at 462]."

405 U.S. at 249, 92 S.Ct. at 907.

In *Bachrodt, supra,* a petition for certiorari was filed in the Supreme Court challenging a decision of the Seventh Circuit, *NLRB v. Bachrodt Chevrolet Co.*, 468 F.2d 963 (7th Cir.1972). The majority opinion of this court with one exception enforced the Board's order. Judge Stevens dissented disagreeing with the analysis by the majority of the case of *NLRB v. Burns International Security Services, Inc.*, 406 U.S. 272, 92 S.Ct. 1571, 32 L.Ed.2d 61 (1972). The Supreme Court in a short order, cited above, granted certiorari, vacated the judgment, and remanded the case "with instructions to remand the case to the National Labor Relations Board for such proceedings as may be appropriate in light of" the *Burns* case.

While it is true that the remand in the present case was to this court for further consideration in the light of *Financial Institution*, it appears to me that if the Board's *Amoco* rule is to be vacated or amended the ultimate primary line of disposition should be at the Board or administrative level. The Board had adopted the rule as a policy matter and the Board should have the primary consideration as to its future.

While this court has held that *Chenery* does not require pointless remand, *NLRB v. Village IX, Inc.*, 723 F.2d 1360, 1370 (7th Cir.1983), there is to be a remand here in any event and the Board should have the first opportunity, without limitation, of considering the application of *Financial Institution* to this case and to its *Amoco* rule in general.

While I might agree that in most any factual context, the *Amoco* rule now has little vitality, the Board should have the first opportunity of reconsideration of all issues pertaining to the proposed merger here involved.

My position in contrast to that of the majority might seem at first blush to be merely a matter of an unnecessary exercise in semantics. Words, however, are the principal method of communicating meaning, and the meaning of the majority opinion is loud and clear. While it purports to express no opinion on the "remaining issues," it also expressly holds "that the NLRB cannot require the United Retail Workers to allow nonunion employees to vote on the merger before ordering May Department Stores to bargain with the post-merger union."

Pursuant to a circuit rule, following the remand, the parties were requested to file statements of position. Both the Union and the Board agreed in their statements that the case should be remanded to the Board for further proceedings in the light of *Financial Institution*. The Union also requested that the original decision should be vacated. While arguably, the Board could reconsider all aspects of a case even though its prior opinion was vacated by this court, the majority expressly reverses, precluding thereby any reconsideration of its reasoning in its prior decision.

Whether the Board can find any succor in the *Amoco* rule, as doubtful as that might now seem, it is up to the Board to make that initial determination. This line of demarcation between the executive and judicial branches is an important one and,

in my opinion, should not be breached as it has been by the majority's opinion. It appears to me that our obligation on remand was simply, without more, to have remanded the case to the Board for further consideration in the light of *Financial Institution.*

I do also note what seems to be a gratuitous observation in the majority opinion, that the present case is stronger than *Financial Institution* because participation by the minimal number of nonunion employees could not have affected the outcome. I also note, however, the union did not apportion the votes among its four local units. Two of these were solely stores of the May Company. The record simply does not show whether the some 2344 votes against the merger with the addition of the votes of the nonunion personnel of May, which had fewer employees than the number of nay votes, would have shown a different result as to May. In fact we do not know what number of nay votes came from May people. The uncertainty can scarcely make any contribution to this being a stronger case. In the event that at some future time, resolution of this issue should become material to disposition, it is for the Board, upon the basis of the record before it, to pass upon the matter.